OPINION
{¶ 1} On January 24, 1976, appellant, Dale Wayble, and appellee, Laura Wayble, were married. On September 20, 1995, a judgment entry was filed granting the parties a divorce, and awarding appellee a periodic award of spousal support in the amount of $250.00 per month and a lump sum award of spousal support in real property. The trial court concluded the lump sum award would equal $34,375.00, using a fair market value of $110,000.00 for the subject real estate. The trial court retained jurisdiction over the periodic spousal support award. Thereafter, on October 10, 1995, the trial court filed an entry amending the September 20, 1995 judgment entry, deleting the reference to the value of the real estate.
 {¶ 2} On June 7, 2001, appellant filed a motion to modify the award of spousal support, predicated on the value of the subject real estate. The property was appraised for $185,000.00, with a stipulated value of $240,000.00. By judgment entry filed October 10, 2001, the trial court denied the motion, finding the parties had stipulated at the time of the divorce that the real estate had a fair market value of $110,000.00, and concluding it had not retained jurisdiction over the lump sum award.
 {¶ 3} Appellant filed an appeal. This court affirmed the trial court's decision, but found the trial court had not been asked to interpret its September 20, 1995 judgment entry regarding the lump sum payment/value of subject real estate.Wayble v. Wayble, Guernsey App. No. 01CA25, 2002-Ohio-4239.
 {¶ 4} On September 11, 2003, appellee filed a motion to enforce the September 20, 1995 order. By judgment entry filed January 29, 2004, the trial court found the fair market value of the real estate to be the stipulated value of $110,000.00.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred in determining that the fair market value of the family farm equals the sum of $110,000.00 for purposes of the division of property."
 I {¶ 7} Appellant claims the trial court erred in using the $110,000.00 stipulate value as the fair market value of the subject real estate. We agree.
 {¶ 8} Historically, this case has a tortured past. The original judgment entry on spousal support and property division filed September 20, 1995 provided for the following resolution of the real estate or "family-farm" as follows:
 {¶ 9} "6. The Court concludes as a matter of law, pursuant to Section 3105.171(F), that the following division of marital property and distributive award should be ORDERED:
 {¶ 10} "g. The Court concludes `family farm' and marital home should be maintained in tact for a period of 6 years, or until June 30, 2001, unless the parties by joint agreement, agree in writing to sell the property prior to that date. At that time, the property may be divided or sold with the Plaintiff having the first right of purchase of the Defendant's interest, by notifying the Defendant in writing on or before June 1, 2001. The Court concludes during the 6-year period that the Plaintiff shall be responsible for the mortgage payments to the Cambridge Savings Bank. At the end of the 6 years (or on June 30, 2001), the Plaintiff will be given credit against the net proceeds of sale or towards the purchase of Defendant's interest in the property in the amount of the mortgage payments made."
 {¶ 11} Within this judgment entry, the value of the family farm was set at $110,000.00 as follows:
 {¶ 12} "8. The Court concludes as a matter of law that the Plaintiff is entitled to an award of spousal support in real property as of June 30, 2001, of the net equity in the real estate of the parties after the deduction of $4,876 of the Defendant's `Separate Property' equity and after the deduction and reimbursement to the Plaintiff for the mortgage payments, which she will have paid. The net proceeds thereafter will be divided 5/8's to the Plaintiff and 3/8's to the Defendant. * * *
 {¶ 13} "9. The Court further concludes as a matter of law that this lump sum alimony award in the form of property or cash to the Plaintiff would equal $34,375, using a fair market value of $110,000 for the real estate."
 {¶ 14} In response to a motion to reconsider, the trial court issued an amended entry on October 10, 1995, making specific changes to the above cited provisions as follows:
 {¶ 15} "1) Conclusion of Law, Paragraph 6(g) is herebyAMENDED to read:
 {¶ 16} "At the end of the 6 years (or on June 30, 2001), Plaintiff will be given credit against the net proceeds of sale, or towards the purchase price of the Defendant's interest in the property, in the amount of the principal mortgage payments made.
 {¶ 17} "2) Conclusion of Law, No. 9 is hereby DELETED IN ITSENTIRETY. The Court specifically finds that this paragraph adds nothing to the decision as it is based on mathematical computations which may be in error at the time of the sale of the property."
 {¶ 18} The gravamen of this appeal is whether the value of the family farm should be as stipulated at the time of the divorce, $110,000.00, or if an appreciated value is appropriate now that the provisions of Conclusion of Law No. 6(g) are to be fully executed.
 {¶ 19} This matter was addressed by this court in its August 15, 2002 opinion which this writer authored. In Assignment of Error II, the present appellant argued "Appellee has no right to demand to purchase marital real estate at 1995 value." We denied this assignment of error and wrote the following at ¶ 18-20:
 {¶ 20} "It is clear on the face of the 1995 judgment entry that the value circa 1995 was not to be used as demonstrated in the October 10, 1995 `Entry Rule 60(A)' wherein the trial court amended the last line of Conclusion of Law No. 6(g) to include the word `principal':
 {¶ 21} "`At the end of the 6 years (or on June 30, 2001), plaintiff will be given credit against the net proceeds of the sale, or towards the purchase price of the Defendant's interest in the property, in the amount of the principal mortgage payments.'
 {¶ 22} "Conclusion of Law No. 9, which listed the fair market value of the subject property at $110,000, was deleted. The September 20, 1995 judgment entry as amended speaks only to the `fractional division' of the net equity of the property after deductions for separate property (for appellant) and credits for mortgage payments for (for appellee)."
 {¶ 23} Despite this opinion, the trial court found the $110,000.00, 1995 value was the appropriate value for the family farm. We find based upon the legal principle of law of the case, our denial of Assignment of Error II and its dicta bind the parties.[1] Based upon this interpretation, the re-appraised value is the appropriate value to determine the split of proceeds upon sale. The 1995 value is not the proper value.
 {¶ 24} The sole assignment of error is granted.
 {¶ 25} The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby vacated.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is vacated and the matter is remanded to said court for determination of the re-appraised value. Costs to appellee.
[1] The doctrine of "law of the case" is defined as "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St. 1, 3.